# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE
Demand for Jury Trial

Plaintiff – *pro se*

Douglas Bersaw

139 Tully Brook Road

Richmond, NH 03470

thebersaws@ihmmedia.net

603-239-8827

v.

Matthew Thomas & Associates

Matt Sei

15 South Carlo Street

Hutchinson, KS 67501

877-391-1032

Hon.

Civil Case No.

1:15-cv-2

## VERIFIED COMPLAINT

Douglas Bersaw hereby sues Defendant, Matthew Thomas & Associates (hereinafter MTA) for willful and knowing violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(B) AND for further willful and knowing

violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5)(B) AND for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 AND for willful and knowing violations of three New Hampshire Statutes, those being RSA 359-E and RSA 358-A and 358-C.

## PRELIMINARY STATEMENT

1. This is an action for statutory and punitive damages and injunctive relief brought by Plaintiff against Defendant for: 1) violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(b)(1)(B) and 2) violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5)(B) and 3) for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692, and 4) for violations of the New Hampshire Consumer Protection Act RSA 358-A:2, and 5) pursuant to RSA-E:6 for violations of the New Hampshire Unfair and Deceptive Trade Practices Act RSA 358-C:3, and 6) for violations of the New Hampshire Telemarketing law RSA 359-E:8.

2. Upon belief and information, Plaintiff contends that many of these practices of MTA are widespread.  Plaintiff intends to propound discovery to Defendant identifying other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant MTA has violated laws by repeatedly calling Plaintiff in attempts to collect alleged but non-existent debt.

4. Plaintiff contends that the Defendant MTA has violated laws by repeatedly calling Plaintiff in attempts to market services.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), RSA 359-E:11, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391b and NH RSA 359-E:11 Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7. This is an action for damages that exceed $40,000.00.

## PARTIES

8. Plaintiff Douglas Bersaw is a natural person, a consumer, and a resident of the State of New Hampshire.

9. Upon information and belief Defendant, MTA is a foreign corporation, whose principal office is in Hutchinson Kansas at 15 South Carlo Street.

## FACTUAL ALLEGATIONS

10. From September 4, 2013 thru January 7, 2014, MTA violated the TCPA and other laws by initiating at least four calls to Plaintiff's telephone (causing it to ring) using an automatic telephone dialing system AND in addition by leaving four recorded messages utilizing artificial or prerecorded voices on the Plaintiff's telephone answering machine without prior express consent given by Plaintiff. Recordings proving these allegations are in possession of the Plaintiff.

11. Plaintiff has not now, nor ever had any established business relationship with the Defendant MTA.

12. On January 7, 2014, MTA violated the FDCPA by initiating at least one telephone call to Plaintiff's telephone using an automatic telephone dialing system AND also by leaving a recorded message utilizing artificial or prerecorded voices on Plaintiff's telephone answering machine in an attempt to collect upon an alleged but non-existent debt.

## COUNT I

## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. §227

13. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

14. Defendant MTA has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's telephone number twice on September 14, 2013, once on October 28, 2013, and once on January 7, 2014. The Plaintiff has never given MTA permission to call Plaintiff's phone. Plaintiff and MTA do not have an established business relationship within the meaning of 47 U.S.C. §227.

15. Defendant MTA has demonstrated willful or knowing non-compliance with USC § 47 USC § 227(b)(1)(B) by using an automatic telephone dialing system to call the Plaintiff's telephone number two times on September 14, 2013, once on October 28, 2013 and once on January 7, 2014 and also by leaving a pre-recorded message each time.

16. Defendant MTA, by their use of an automatic telephone dialing system to call Plaintiff's telephone, has committed four separate willful violations of USC § 227(b)(1)(B) and Plaintiff's are entitled to minimum statutory damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(B&C). The four calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

17. Defendant MTA has also demonstrated willful or knowing non-compliance with USC § 47 USC § 227(b)(1)(B) by leaving a pre-recorded message on Plaintiff's answering machine. By leaving a pre-recorded message on Plaintiff's answering machine, Defendant MTA has demonstrated willful or knowing non-compliance with 47 U.S.C. USC §227(b)(1)(B). Plaintiff is

entitled to minimum statutory damages of $500 per violation pursuant to 47 U.S.C. §227(b)(3)(B&C). The four calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

**WHEREFORE,** Plaintiff demands judgment in the amount of $4000 statutory damages, plus $8000 punitive damages, plus attorney's fees and costs, pursuant to 47 U.S.C. §227.

### COUNT II
### VIOLATIONS OF THE TELEPHONE
### COMMUNICATIONS ACT 47 U.S.C. §227 (c)(5)

19. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

20. Defendant MTA has demonstrated willful or knowing non-compliance with USC § 47 USC § 227(c)(5)(B) by calling the Plaintiff's number four times, even though they are required by 47 U.S.C to refrain from calling any number listed on the National DO NOT CALL Registry.

21. Plaintiffs are entitled to damages of $500 per violation (after the first call which is not subject to a penalty) pursuant to 47 U.S.C. §227(b)(3)(B). The three subsequent calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

**WHEREFORE,** Plaintiff demands judgment in the amount of $1500 statutory damages, $3000 punitive damages, plus attorney's fees and costs, pursuant to 47 U.S.C. §227.

### COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT MTA

22. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

23. MTA placed no less than one telephone call on January 7, 2014 to the Plaintiff's telephone. Defendant knew or should have known that this phone call was a violation of the FDCPA. There was no warning that this call was from a debt collector and implications were made in the message that some legal action was being threatened.

24. Defendant MTA violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff alleges that there is no debt owing to MTA that they had a right to collect on.

**WHEREFORE,** Plaintiff demands judgment in the amount of $1000 statutory damages, plus attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IV
## VIOLATION OF NEW HAMPSHIRE CONSUMER PROTECTION ACT RSA 358-A:2 BY DEFENDANT MTA

25. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

26. Plaintiff is a natural person and a consumer and Defendant is involved in trade or commerce within the meaning of RSA 358-A:1.

27. From September 4, 2013 thru January 7, 2014 Defendant MTA initiated four telephone calls to Plaintiff's telephone using an automatic telephone dialing system AND leaving four recorded messages utilizing artificial or prerecorded voices on the Plaintiff's telephone answering machine with no prior express consent given by Plaintiff in violation of RSA 359-E.

28. Pursuant to the definitions in RSA 359-E:6 any violation of 359-E, <u>shall</u> constitute a violation of RSA 358-A and remedies under that statute shall be <u>in addition</u> to those available under RSA 359-E-11.

**WHEREFORE,** Plaintiff demands judgment for damages against MTA for $4000 statutory damages, plus punitive damages of $8,000, plus attorney's fees and costs, pursuant to RSA 358-A:10.

## COUNT V
### VIOLATION OF NEW HAMPSHIRE UNFAIR AND DECEPTIVE PRACTICES ACT RSA 358-C:3 (VII) BY DEFENDANT MTA

29. Each of the foregoing allegations are hereby re-alleged and incorporated herein.
30. Plaintiff is a consumer and defendant is a debt collector within the meaning of RSA 358-C:1.
31. On January 7, 2014, MTA violated RSA 358-C3 by initiating one telephone call to Plaintiff's telephone using an automatic telephone dialing system AND by leaving a recorded message utilizing an artificial or prerecorded voice on Plaintiff's telephone answering machine. There was no warning that this call was from a debt collector and implications were made in the message that some legal action was being threatened in an attempt to collect upon an alleged but non-existent debt, thereby making a material false representation or implication of the character, extent or amount of the debt in violation of RSA 358-C3.

**WHEREFORE,** Plaintiff demands judgment for damages against MTA for $200 statutory damages, attorney's fees and costs, pursuant to RSA 358-C4.

### COUNT VI
### VIOLATIONS OF THE NEW HAMPSHIRE TELEMARKETING ACT RSA 359-E BY DEFENDANT MTA

32. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

33. Plaintiff is a customer and MTA is a telemarketer doing business within this state, according to, and within, the definitions of RSA 359-E.

34. Plaintiff's telephone numbers have been registered on the National DO NOT CALL Registry since August 2013.

35. From September 4, 2013 thru January 31, 2014, MTA willfully and knowingly initiated four telephone calls to Plaintiff's telephone using an automatic telephone dialing system AND willfully and knowingly left four recorded messages utilizing artificial or prerecorded voices on the Plaintiff's telephone answering machine with no prior express consent given by the Plaintiff.

36. Plaintiff has never had any existing business relationship with MTA.

**WHEREFORE,** Plaintiff demands judgment for damages against MTA for willful and knowing violations including $4000 statutory damages, plus $8000 punitive damages, plus attorney's fees and costs, pursuant to RSA 359-E:11.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this ___2nd___ day of January 2015.

Plaintiff Douglas Bersaw states as follows:

1.  I am the Plaintiff in this civil proceeding titled Douglas Bersaw v. MTA.
2.  This civil Complaint is well grounded in fact and is warranted by existing law. This civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant named in the Complaint.
3.  I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Douglas Bersaw, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____    Date  ___Jan. 2 2015___
Douglas Bersaw

_____    Date  ___1-2-15___
Notary Public

ANDREW K. RICHARDSON
NOTARY PUBLIC
State of New Hampshire
My Commission Expires
January 25, 2017